**BARTHEL LEGAL, APC**
Nicholas Barthel, Esq. (319105)
nick@barthelbarthel.com
2173 Salk Ave., Ste. 250
Carlsbad, CA 92008
Telephone: (760) 259-0033
Facsimile: (760) 536-9010

Jesse S. Johnson (*pro hac vice* application to be filed)
**Greenwald Davidson Radbil PLLC**
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477
jjohnson@gdrlawfirm.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARIZA GONZALEZ**, *on behalf of herself and others similarly situated*,<br><br>Plaintiff<br><br>v.<br><br>**MONTEREY FINANCIAL SERVICES, LLC,**<br><br>Defendant | Case No.:  '23CV2368 BEN DEB<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

## Nature of this Action

1. Lariza Gonzalez ("Plaintiff") brings this class action against Monterey Financial Services, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this District and directed its prerecorded voice messages to Plaintiff from within this District.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Riverside County, California.

7. Defendant is a receivables management and finance company based in Oceanside, California.

8. Defendant "began operating in 1990 with the intent to provide superior solutions and performance for businesses seeking alternative financing options, consumer financing programs, loan servicing and debt recovery solutions."[1]

## Factual Allegations

9. Since approximately 2021 and continuing through the present, Plaintiff has been the sole and customary user of telephone number (760) XXX-7333.

10. Since at least 2021 and continuing through the present, telephone number (760) XXX-7333 has been assigned to a cellular telephone service.

11. Dating back to 2022, Defendant placed or caused to be placed numerous calls and delivered or caused to be delivered artificial or prerecorded voice messages to telephone number (760) XXX-7333.

12. Defendant placed or caused to be placed at least one call to telephone number (760) XXX-7333 on September 29, 2022.

13. Defendant placed or caused to be placed at least one call to telephone number (760) XXX-7333 on October 7, 2022.

---

[1] https://www.montereyfinancial.com/about-us/about-us.html (last visited December 29, 2023).

3

14. Defendant placed or caused to be placed at least one call to telephone number (760) XXX-7333 on October 11, 2022.

15. Defendant placed or caused to be placed at least one call to telephone number (760) XXX-7333 on October 14, 2022.

16. In connection with several of its calls to telephone number (760) XXX-7333, Defendant delivered or caused to be delivered an artificial or prerecorded voice message.

17. For example, on September 29, 2022, Defendant delivered or caused to be delivered a prerecorded voice message to the voice mail box associated with telephone number (760) XXX-7333 that stated:

> Please do not erase this message until you contact us. You can visit our website at www.montereyfinancial.com, that is spelled w-w-w dot m-o-n-t-e-r-e-y-f-i-n-a-n-c-i-a-l dot c-o-m, to review your account or to make payment. If you wish to speak with a live agent, you can call toll-free to 877-444-9967. This is a message from a debt collector and is an attempt to collect a debt.

18. On October 7, 2022, Defendant delivered or caused to be delivered another similar prerecorded voice message to the voice mail box associated with telephone number (760) XXX-7333, which stated:

> This is Monterey Financial Services with an important message. Please do not erase this message until you contact us. You can visit our website at www.montereyfinancial.com, that is spelled w-w-w dot m-o-n-t-e-r-e-y-f-i-n-a-n-c-i-a-l dot c-o-m, to review your account or to make payment. If you wish to speak with a live agent, you can call toll-free to 877-444-9967. This is a message from a debt collector and is an attempt to collect a debt.

19. On October 11, 2022, Defendant delivered or caused to be delivered an identical prerecorded voice message to the voice mail box associated with telephone number (760) XXX-7333 that stated:

> This is Monterey Financial Services with an important message. Please do not erase this message until you contact us. You can visit

> our website at www.montereyfinancial.com, that is spelled w-w-w dot m-o-n-t-e-r-e-y-f-i-n-a-n-c-i-a-l dot c-o-m, to review your account or to make payment. If you wish to speak with a live agent, you can call toll-free to 877-444-9967. This is a message from a debt collector and is an attempt to collect a debt.

20. And on October 14, 2022, Defendant delivered or caused to be delivered an identical prerecorded voice message to the voice mail box associated with telephone number (760) XXX-7333 that stated:

> This is Monterey Financial Services with an important message. Please do not erase this message until you contact us. You can visit our website at www.montereyfinancial.com, that is spelled w-w-w dot m-o-n-t-e-r-e-y-f-i-n-a-n-c-i-a-l dot c-o-m, to review your account or to make payment. If you wish to speak with a live agent, you can call toll-free to 877-444-9967. This is a message from a debt collector and is an attempt to collect a debt.

21. Plaintiff listened to the artificial or prerecorded voice messages Defendant delivered or caused to be delivered to her cellular telephone.

22. Plaintiff called Defendant and told one of its representatives that Defendant was calling the wrong person.

23. Defendant's representative confirmed to Plaintiff over the telephone that Defendant did not have an account in Plaintiff's name or otherwise associated with Plaintiff's home address.

24. Upon information and good faith belief, Defendant's records will identify each call it placed or caused to be placed to telephone number (760) XXX-7333.

25. Upon information and good faith belief, Defendant's records will identify each prerecorded voice message it played or caused to be played, or delivered or caused to be delivered, or attempted to play or deliver, to telephone number (760) XXX-7333.

26. Defendant did not have Plaintiff's prior express consent to place any calls to her cellular telephone number.

5

27. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to her cellular telephone.

28. Plaintiff did not provide her cellular telephone number to Defendant before Defendant began placing calls to her cellular telephone number.

29. Plaintiff never had any business relationship with Defendant.

30. Plaintiff does not have, and never had, an account with, or placed with, Defendant.

31. Plaintiff does not, and never did, owe any money to Defendant.

32. Upon information and good faith belief, Defendant placed or caused to be placed telephone calls to (760) XXX-7333 intending to reach someone named "Corinthians."

33. Plaintiff is not Corinthians.

34. Plaintiff does not know Corinthians.

35. Plaintiff did not authorize Corinthians, or anyone else, to use her cellular telephone number with respect to Defendant.

36. Defendant did not place or cause to be placed any calls to telephone number (760) XXX-7333 for emergency purposes.

37. Defendant did not deliver or cause to be delivered any artificial or prerecorded voice messages to telephone number (760) XXX-7333 for emergency purposes.

38. Defendant placed or caused to be placed its calls and delivered or caused to be delivered artificial or prerecorded voice messages to telephone number (760) XXX-7333 under its own free will.

39. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed or caused to be placed to telephone number (760) XXX-7333.

40. Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded voice messages in that she suffered an invasion of her

privacy, an intrusion into her life, a private nuisance, and spent time in an effort to ensure the calls stop.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places or causes to be placed calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

42. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23, as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Monterey Financial Services, LLC placed or caused to be placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Monterey Financial Services, LLC, (3) using an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

43. Excluded from the class are Defendant, its officers and directors, members of those individuals' immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

44. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

45. The exact number of class members is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

46. The class is ascertainable because it is defined by reference to objective criteria.

47. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

7

48. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice, and procedure on the part of Defendant.

49. Plaintiff possesses the same interests and has suffered the same injuries as each class member.

50. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

51. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though she does not, and never did, have an account with Defendant.

52. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

53. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

54. Plaintiff will vigorously pursue the claims of the members of the class.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

//

//

58. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

59. There will be little difficulty in the management of this action as a class action.

60. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

61. Among the issues of law and fact common to the class:
   a. Defendant's violations of the TCPA as alleged in this class action complaint;
   b. Defendant's use of an artificial or prerecorded voice in connection with its calls;
   c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;
   d. Whether Defendant is liable for artificial and prerecorded messages it delivered to persons who did not have an account with it; and
   e. The availability of statutory penalties.

62. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing or causing to be utilized an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number, without her consent.

9

65. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls or cause to be placed calls, in connection with which it uses or causes to be used an artificial or prerecorded voice, to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

e) Awarding such other and further relief as the Court may deem just and proper.

//
//
//
//
//
//

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: 30 December 2023                                    Respectfully submitted,

                                                                                    **BARTHEL LEGAL, APC**

                                                                                    By:  /s/ Nicholas Barthel___
                                                                                    NICHOLAS R. BARTHEL, ESQ
                                                                                    ATTORNEY FOR CLAIMANT
                                                                                    HTTPS://BARTHELBARTHEL.COM/

                                                                                    Jesse S. Johnson
                                                                                    (*pro hac vice* application to be filed)
                                                                                    Greenwald Davidson Radbil PLLC
                                                                                    5550 Glades Road, Suite 500
                                                                                    Boca Raton, FL 33431
                                                                                    (561) 826-5477
                                                                                    jjohnson@gdrlawfirm.com

                                                                                    *Counsel for Plaintiff and the proposed class*